**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4729**

_____

UNITED STATES OF AMERICA,

　　　　　　Plaintiff - Appellee,

　　v.

MATTHEW JOHN WIGGINS,

　　　　　　Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Parkersburg.  Robert C. Chambers, Chief District Judge.  (6:13-cr-00183-1)

_____

Submitted:  June 30, 2015　　　　　　Decided:  July 24, 2015

_____

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Christian M. Capece, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, David R. Bungard, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  R. Booth Goodwin II, United States Attorney, Lisa G. Johnston, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew John Wiggins was convicted after a bench trial of two counts of accessing with intent to view child pornography, 18 U.S.C. § 2252A(a)(5)(B) (2012), and tampering with a witness, 18 U.S.C. § 1512(b)(2)(B) (2012). He was sentenced to 210 months' imprisonment. Wiggins appeals, arguing: (1) that 18 U.S.C. § 2252A(a)(5)(B) is unconstitutionally vague, (2) the evidence was insufficient to support his conviction on one of the two counts charging a violation of § 2252A(a)(5)(B), and (3) the district court erred by allowing the inclusion of privileged mental health records in his presentence investigation report. Finding no error, we affirm.

The evidence presented at Wiggins' trial, viewed in the light most favorable to the Government, see United States v. Burgos, 94 F.3d 849, 854 (4th Cir. 1996) (en banc), was as follows. In January 2013, a report generated by the West Virginia Office of Information Security and Controls (OISC) revealed that a computer located at a public library in Parkersburg, West Virginia, had been used to access or attempt to access websites that had been identified as ones containing child pornography. James Amos, an information security officer with OISC, testified that, in response to that report, he began an investigation to monitor in real-time the activity on the IP address identified in the report. Amos prepared a Network Violation Report, including the IP address

2

and physical location, which showed a list of 26 to 32 images of child pornography that had been accessed on that computer on January 16, 2013. Amos then alerted the West Virginia state police Internet Crimes Against Children Task Force.

Based on information provided by Amos, Detectives Travis Wolfe, Pat Edelen, and James Stalnaker—all members of the Task Force—went to the Parkersburg public library on January 17, 2013, and found Wiggins seated at the computer terminal identified in the OISC report. At the same time, Amos was monitoring the computer and relaying information to the detectives, via telephone, that it was being used to access child pornography sites. A search of the library computer revealed 62 images of child pornography that had been accessed on January 17th. Records also established that Wiggins' library card was used to access the computer identified in the OISC report on January 16 and 17. In addition, a library card issued to Wiggins' former brother-in-law, Jody Payne, was used to access the same computer on January 16, 2013. Jody testified that he had moved to Ohio in November 2012 and left his library card and PIN number for Wiggins to use.

The Government presented extensive testimony and reports showing that multiple sites were visited, displaying numerous visual depictions of minors engaged in sexually explicit conduct. At the close of evidence, the district court found Wiggins guilty

3

of both counts charging a violation of § 2252A(a)(5)(B), as well as witness tampering.

The presentence report recommended a total offense level of 32 (based on evidence that Wiggins accessed 347 images of child pornography); with a criminal history category of IV, Wiggins' advisory Guidelines range was 168 to 210 months' imprisonment. The report also included information from Wiggins' prior participation in the Bureau of Prison's Sex Offender Treatment Program, which he had completed in March 2000, as well as a psychological evaluation that he underwent in 2010 as part of a state prosecution for failing to register as a sex offender. In response to Wiggins' objection to the inclusion of these materials in the PSR, the district court informed the parties that it would not rely upon any information included in the materials in arriving at an appropriate sentence. The court noted, however, that the information at issue could assist the Bureau of Prisons as well as Probation to provide appropriate treatment and monitoring. The court denied Wiggins' request for a variance and imposed a sentence at the top of the advisory Guidelines range. Wiggins now appeals.

Wiggins argues, first, that 18 U.S.C. § 2252A(a)(5)(B) is unconstitutionally vague because it fails to adequately define "access." The "vagueness doctrine bars enforcement of a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at

4

its meaning and differ as to its application." United States v. Lanier, 520 U.S. 259, 266 (1997) (internal quotation marks omitted). To enforce such a statute would "violate[] the first essential of due process of law." Roberts v. U.S. Jaycees, 468 U.S. 609, 629 (1984) (internal quotation marks omitted). However, a criminal statute is sufficiently definite if "the commonsense meaning" is clear. United States v. Powell, 423 U.S. 87, 93 (1975)).

We hold that the district court properly concluded that, while there is no case law directly on point, the term "accessing" is sufficiently clear to apprise men of ordinary intelligence of the statute's prohibition. Wiggins' multiple visits to websites containing images of child pornography, and the number of images that he viewed during those visits, clearly satisfies the definition of "access."

Next, Wiggins asserts that the evidence was insufficient to support his conviction on Count 4 (relating to January 17, 2013) because the only files found on the library computer were in the temporary Internet cache.

In order to sustain a conviction under § 2252A(a)(5)(B), the Government must establish that the defendant: (1) knowingly accessed "some proscribed material"; (2) intended to view that material; and (3) knew that the material contained an image of child pornography. United States v. Brune, 767 F.3d 1009, 1020

5

(10th Cir. 2014). Our review of the record leads us to conclude that the evidence was sufficient to sustain Wiggins' conviction.

Finally, Wiggins argues that confidential documents protected by the therapist/patient privilege should not have been included in the PSR. Although federal law generally recognizes the privilege protecting confidential communications between a psychotherapist and patient, see Jaffee v. Redmond, 518 U.S. 1 (1996), the presentence investigation is "not limited by traditional rules of evidence." United States v. Corbitt, 879 F.2d 224, 230 (7th Cir. 1989). Specifically, the Guidelines provide that, in making its sentencing decision, the district court "may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." United States Sentencing Guidelines Manual, § 6A1.3(a), p.s. (2014). See also United States v. Nichols, 438 F.3d 437 (4th Cir. 2006) (recognizing that otherwise inadmissible evidence may sometimes be considered for sentencing purposes).

We find that the district court did not err by allowing the inclusion of the two mental health reports in Wiggins' presentence report. And, in any event, any error was harmless given the district court's explicit statement that the information in those reports would not be used in arriving at an appropriate sentence.

Therefore, we affirm Wiggins' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid in the decisional process.

AFFIRMED